UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ALAN MCCALL,<br><br>　　　　Petitioner,<br><br>　v.<br><br>TIMOTHY WENGLER,<br><br>　　　　Respondent. | Case No. 1:12-cv-00439-CWD<br><br>**INITIAL REVIEW ORDER** |

Idaho state prisoner Michael McCall has filed a Petition for Writ of Habeas Corpus in this Court, which the Clerk has filed conditionally pending the Court's initial review. (Dkt. 3.) The Court is required to screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

## BACKGROUND

After a jury trial, Petitioner was convicted of one count of possession of a controlled substance with intent to deliver and a count of being a persistent violator of the law. (Petition, Dkt. 3, pp. 1-2.) The trial court entered judgment on April 7, 2009, sentencing Petitioner to life in prison with the first ten years fixed. (*Id.* at 1.) Petitioner's

**INITIAL REVIEW ORDER - 1**

direct appeal, in which he claimed that his sentence was excessive, was turned aside in the Idaho Court of Appeals, and the Idaho Supreme Court declined to review the case. (*Id.* at 2.)

Petitioner next filed an application for post-conviction relief in the state district court, claiming that his counsel had been constitutionally ineffective, that the prosecutor had committed misconduct, and that he had been deprived of "due process." (Dkt. 3, p. 3.) The district court denied relief, and the Idaho Court of Appeals affirmed. (*Id.*)

In his Petition for Writ of Habeas Corpus, Petitioner contends (1) that his right against unreasonable searches and seizures under the Fourth Amendment was violated when police officers "used false allegations to stop and search [him], (2) that he was deprived of his Sixth Amendment right to the effective assistance of counsel because his counsel did not file a motion to suppress, (3) that his right to due process of law was violated when he was not permitted to challenge claims by police officers that he had been "frequenting a known drug house," and (4) that the prosecution submitted false evidence and "refused" to provide video tape evidence "showing the misconduct and laws of their police k-9 and detention officers." (Dkt. 3, pp. 7-10.)

## REVIEW OF THE PETITION

Federal courts may entertain an application for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

**INITIAL REVIEW ORDER - 2**

The Court has reviewed the Petition and finds that Petitioner has alleged that he is in custody in violation of federal law. The Petition will not be summarily dismissed, although it could still be dismissed later on a ground that is not yet clear. For instance, Petitioner's first claim, based on the Fourth Amendment, will not be reviewable in this federal habeas corpus proceeding unless Petitioner lacked a full and fair opportunity to litigate the claim in the state courts. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). It also appears that Petitioner's other claims may not have been properly exhausted in the Idaho Supreme Court and are now procedurally defaulted, but the Court is unable to resolve that issue without a response from Respondent and access to the state court record.

Accordingly, the Clerk of Court shall serve a copy of the Petition on Respondent, who shall file an answer or other appropriate responsive motion to the claims within 90 days of the date of this Order. Respondent shall also supply the relevant portions of the state court record.

Petitioner should be aware of the following standards of law that may apply to his case.

1. Statute of Limitations

The Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common triggering event is the date upon which the

**INITIAL REVIEW ORDER - 3**

judgment became final, either after the direct appeal or after the time for seeking an appeal expired.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that Petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitation period.

The limitations period also may be tolled for fairness reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling"). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

2.  Exhaustion and Procedural Default

In addition to satisfying AEDPA's statute of limitations, a petitioner must also have "exhausted" his state court remedies before including a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim properly, the petitioner must first have fairly presented it to the highest state court for review in a procedurally proper manner under state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has

**INITIAL REVIEW ORDER - 4**

exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

Petitioner must also be mindful that state remedies are considered technically exhausted, but not *properly* exhausted, if he failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner raised a federal claim in state court, but the state court rejected the claim on a clearly expressed and consistently applied state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered to have been "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, the petitioner is actually innocent, and that there will be a miscarriage of justice if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked

**INITIAL REVIEW ORDER - 5**

to his actual and substantial disadvantage, infecting [his] entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

3. <u>Claims Proceeding on the Merits</u>

For any claims that were adjudicated on the merits by the state court, Petitioner must show that the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d).

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed In Forma Pauperis (Dkt. 1) is GRANTED.

2. Petitioner's request for the appointment of counsel, contained within his

**INITIAL REVIEW ORDER - 6**

Petition, is DENIED without prejudice. There is no constitutional right to counsel in a habeas proceeding, though counsel may be appointed for indigent petitioners in the interests of justice. Petitioner has been able to articulate his claims without the assistance of counsel, and it is unclear at this early juncture whether any of his claims are potentially meritorious.

3. The Clerk of Court shall serve a copy of the Petition (Dkt. 3) and this Order on L. LaMont Anderson, Deputy Attorney General, on behalf of Respondent, at his registered ECF email address. If Respondent has already been served with this Order and the Petition through the ECF system, the Clerk need not re-serve a copy by email.

4. Respondent shall file an answer or other appropriate pre-answer motion conforming in all respects to the Rules Governing Section 2254 Cases in the United States District Courts **within 90 days** after entry of this Order.

5. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

**INITIAL REVIEW ORDER - 7**

6. If the response to the habeas petition is an answer, it should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of each claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to

**INITIAL REVIEW ORDER - 8**

motions for appointment of counsel; (3) responses to motions that are meritless; or (4) notices of intent not to file a reply. If additional briefing is required on any motion, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not

**INITIAL REVIEW ORDER - 9**

consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address. Failure to do so may result in dismissal.



DATED: January 10, 2013

Honorable Candy W. Dale
United States Magistrate Judge

**INITIAL REVIEW ORDER - 10**