UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ALAN MCCALL,<br><br>    Petitioner,<br><br>v.<br><br>TIMOTHY WENGLER,<br><br>    Respondent. | Case No. 1:12-cv-00439-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is Petitioner Michael Alan McCall's Petition for Writ of Habeas Corpus (Dkt. 3). Respondent has filed a Motion for Partial Summary Dismissal. (Dkt. 10). Petitioner has filed a response to the Motion (Dkt. 15),[1] and Respondent has filed a Reply (Dkt. 16). The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on April 12, 2013. *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

  Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters

---

[1] The Court will grant Petitioner's Motion for Extension of Time to file his response to the Motion for Partial Summary Dismissal, and the response is deemed timely.

**MEMORANDUM DECISION AND ORDER  1**

the following Order granting the Motion and dismissing with prejudice, as procedurally defaulted, all of Petitioner's claims except the portion of Claim 2 that alleges ineffectiveness of trial counsel based on counsel's failure to file a motion to suppress evidence.

## BACKGROUND

The facts underlying the conviction are set forth clearly and accurately in *State v. McCall*, Docket No. 39271, Op. 564 (Idaho Ct. App. July 25, 2012) (unpublished), which is contained in the record at State's Lodging D-3. The facts will not be repeated here, except as necessary to determine the procedural issues at hand.

Petitioner was convicted in the Fifth Judicial District in Twin Falls County, Idaho, of one count of possession of a controlled substance with intent to deliver, along with a persistent violator enhancement. (State's Lodging A-1 at 177, 182.) He received a unified sentence of life imprisonment with the first 10 years fixed. (*Id*. at 209.)

Petitioner appealed, arguing only that his sentence was excessive. (State's Lodging B-1, B-3.) The Idaho Court of Appeals affirmed. (State's Lodging B-4.) Petitioner then filed a petition for review, which was denied by the Idaho Supreme Court. (State's Lodging B-5, B-7.)

Petitioner next filed a petition for state postconviction relief, asserting (1) that his Fourth Amendment rights were violated by the police officers who stopped and searched Petitioner's car, thereby finding the controlled substance for which Petitioner was charged (State's Lodging C-1 at 6); (2) that he was denied his right to due process when the trial

**MEMORANDUM DECISION AND ORDER  2**

judge and prosecutor "intimidated" potential defense witnesses (*id*. at 11, 215); (3) that his trial counsel was ineffective for failing to file a motion to suppress, for failing to adequately prepare for trial, and for waiving the preliminary hearing (*id*. at 7, 216); and (4) that the prosecutor committed misconduct "through submission of false information to obtain an indictment and enhancement of the charges and sentence" (*id*. at 6).

The state district court summarily dismissed all of Petitioner's claims except the ineffective assistance claim based on trial counsel's failure to file a motion to suppress. (*Id*. at 225.) After an evidentiary hearing on the ineffective assistance claim, the court dismissed that claim as well. (*Id*. at 255-72.) Petitioner appealed only with respect to the claim that trial counsel was ineffective for failing to file a motion to suppress. (State's Lodging D-1 at 13-14 & n.1) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging D-3, D-5.)

In his federal Petition for Writ of Habeas Corpus, Petitioner brings the following claims: (1) his Fourth Amendment rights were violated when police officers stopped and searched his car; (2) his trial counsel was ineffective for (a) failing to file a motion to suppress, (b) failing to raise a due process claim or otherwise challenge the officers' allegations of probable cause, (c) failing to show that the police officers were lying, and (d) failing to challenge the prosecution's alleged withholding of exculpatory evidence in the form of a video of the traffic stop; (3) his due process rights were violated when he did not receive a citation for the traffic violation and when the officers stated for the first time at trial that Petitioner had been "frequenting a known drug house"; and (4) the

**MEMORANDUM DECISION AND ORDER 3**

prosecutor committed misconduct by refusing to disclose exculpatory evidence. (Pet. at 6-10.)

Respondent argues that all of Petitioner's claims—with the exception of the portion of Claim 2 regarding trial counsel's failure to file a motion to suppress—are procedurally defaulted.

## DISCUSSION

**1.      Standard of Law Governing Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In such a case, the Court construes the facts in a light most favorable to the petitioner.

**2.      Procedural Default**

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court.

**MEMORANDUM DECISION AND ORDER  4**

*Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Petitioner challenged only one issue on direct appeal, arguing that his sentence was excessive. (State's Lodging B-1, B-3.) Further, on appeal from the state district court's dismissal of his postconviction petition, he argued only that counsel was ineffective for failing to file a motion to suppress. (State's Lodging D-1.) Therefore, the Court concludes that Claims 1, 3, and 4 are unexhausted. As to Claim 2, the Court concludes that all ineffective assistance of trial counsel claims, other than the sub-claim regarding counsel's failure to file a motion to suppress, are similarly unexhausted. (*Id*. at 13-14 & n.1) Further, because Petitioner cannot go back to state court to exhaust these claims, *see* Idaho Code § 19-4908, they are also procedurally defaulted. *See Gray*, 518 U.S. at 161-62.

**MEMORANDUM DECISION AND ORDER  5**

**3.     Petitioner Has Not Shown Cause and Prejudice To Excuse Procedural Default**

The Court's conclusion that Claims 1, 2 (in part), 3, and 4 are procedurally defaulted does not end the inquiry. If a claim is procedurally defaulted, a federal district court can still hear the merits of the claim if a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court.[2] *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

As to the "cause" prong, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim is itself not procedurally defaulted, or if it is defaulted, Petitioner can show

---

[2] Petitioner does not claim that he is actually innocent of the possession with intent conviction. Rather, he argues that he did not commit the traffic violation that led to the search of his car. Thus, the Court will address only the cause and prejudice exception.

**MEMORANDUM DECISION AND ORDER  6**

cause and prejudice for that default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). However, a petitioner does not have a federal constitutional right to effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during the postconviction proceedings cannot serve as a basis for cause to excuse Petitioner's procedural default of other claims. *See Coleman*, 501 U.S. at 752.

*Martinez v. Ryan*, 132 S. Ct. 1309 (2012), established a limited exception to this general rule. That case held that inadequate assistance of post-conviction review (PCR) counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. In *Nguyen v. Curry*, ___ F.3d ___, 2013 WL 6246285, *6-8 (9th Cir. Dec. 4, 2013), the Ninth Circuit extended Martinez, holding that it can also apply to underlying claims of ineffective assistance of *appellate* counsel.

The *Martinez* exception[3] applies only to the ineffectiveness of PCR counsel in the initial post-conviction review proceeding. It "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." *Id*. at 1320. Rather, *Martinez* is singularly concerned that,

---

[3] *Martinez* applies only if the ineffective assistance of counsel claim is exhausted (no further avenue of state court relief is available) and procedurally defaulted (an adequate and independent state procedural ground for the default exists). If the new claim is unexhausted and not procedurally defaulted, then the petitioner may be able to return to state court to assert the claim under the stay-and-abey procedure. *See Rhines v. Weber*, 544 U.S. 269 (2005).

**MEMORANDUM DECISION AND ORDER 7**

if ineffective assistance of trial counsel claims were not brought in the collateral proceeding which provided the first occasion to raise such claims, the effect was that the claims could not be brought *at all. Id.* at 1316. Therefore, a petitioner may not use as cause attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.* at 1320.

### A. Traditional, or *Coleman*, Cause

Petitioner alleges that his counsel on direct appeal was ineffective for failing to argue the claims he now asserts in his Petition. (Dkt. 15-1 at 3.) However, Claims 1, 3, and 4 of the petition—alleging a Fourth Amendment violation, a due process violation, and prosecutorial misconduct in failing to disclose evidence—are subject to the general *Coleman* rule, and *Edwards* requires that Petitioner either (1) exhaust his cause argument in the state courts, or (2) show cause and prejudice for the failure to exhaust that cause argument.

However, Petitioner did not raise a claim of ineffective assistance of appellate counsel in his state postconviction petition, and he does not attempt to show cause for the procedural default of that claim. *See Edwards*, 529 U.S. at 452-54; *Nguyen v. Curry*, ___ F.3d ___, 2013 WL 6246285, *6-8 (9th Cir. Dec. 4, 2013). Petitioner has raised no other *Coleman* cause arguments, and none are apparent from the record, as to any of the defaulted claims.

**MEMORANDUM DECISION AND ORDER 8**

B.     *Martinez* Cause

The only issues in the Petition to which *Martinez* might apply are the defaulted portions of Claim 2—ineffective assistance of trial counsel. *See Martinez*, 132 S. Ct. at 1320. Petitioner appears to make a *Martinez* argument that his counsel on appeal from the state district court's dismissal of his postconviction petition was ineffective for failing to include all of his ineffective assistance of trial counsel issues in that appeal. (Dkt. 15-1 at 3.) But *Martinez* does not apply to attorney error in "appeals from initial-review collateral proceedings." *Martinez*, 132 S. Ct. at 1320.

For the foregoing reasons, Petitioner has not shown cause to excuse the procedural default, and the Court need not address the prejudice prong.

## CONCLUSION

Claims 1, 3, and 4 of the Petition are procedurally defaulted, as is part of Claim 2. Because Petitioner has not shown adequate cause for the default, these claims will be dismissed with prejudice.[4]

---

[4] Claim 1 is subject to dismissal for the additional reason that Fourth Amendment claims are not cognizable on federal habeas review unless the petitioner was denied a full and fair opportunity to litigate the claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976). There is nothing in the record to suggest that Petitioner did not have such an opportunity. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, *not whether he did in fact do so* or even whether the claim was correctly decided.") (emphasis added).

# ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Extension of Time (Dkt. 13) is GRANTED.

2. Respondent's Motion for Partial Summary Dismissal (Dkt. 10) is GRANTED. Claims 1, 3, and 4 of the Petition are DISMISSED with prejudice. Claim 2, **with the exception of the sub-claim that trial counsel was ineffective for failing to file a motion to suppress**, is also DISMISSED with prejudice.

3. Respondent shall file an Answer to the remaining claim, that trial counsel rendered ineffective assistance by failing to file a motion to suppress, **within 90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

4. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

5. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: **December 30, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER 11**