UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ALAN MCCALL,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY WENGLER,<br><br>Respondent. | Case No. 1:12-cv-00439-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Michael Alan McCall's Petition for Writ of Habeas Corpus (Dkt. 3), which asserts four claims. On December 30, 2013, the Court dismissed with prejudice Claims 1, 2 (in part), 3, and 4 as procedurally defaulted or non-cognizable. (Dkt. 18.) Thus, the only claim remaining in the Petition is Claim 2(a): a claim of ineffective assistance of trial counsel based on counsel's failure to file a motion to suppress evidence obtained during a search of Petitioner's car.

Respondent has filed an Answer and Brief in Support of Dismissal addressing Claim 2(a). (Dkt. 22). Petitioner has filed a reply, and Respondent has filed a sur-reply

**MEMORANDUM DECISION AND ORDER - 1**

(Dkt. 23, 24).[1] The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on April 12, 2013. (Dkt. 11.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying Claim 2(a) and dismissing this case with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. McCall*, Docket No. 39271, Op. 564 (Idaho Ct. App. July 25, 2012) (unpublished), which is contained in the record at State's Lodging D-3.

> In 2007, [Petitioner] drove to his landlord's house located on the 600 block of a street. After [Petitioner] departed that house, he was pulled over by an officer for allegedly failing to signal when leaving the 500 block of that street from a parked position. I.C. § 49-808. The officer called for assistance from a second officer. When the second officer arrived, he walked his drug dog around [Petitioner's] vehicle. After the dog indicated that she detected an odor of controlled substances, the second officer searched [Petitioner's] vehicle.

(State's Lodging D-3 at 1.) The officers discovered drugs in Petitioner's car.

---

[1] The Court will grant Petitioner's motions for extensions of time to file his reply.

**MEMORANDUM DECISION AND ORDER - 2**

> [Petitioner] was charged with two counts of possession of a controlled substance with intent to deliver. A public defender was appointed to represent [Petitioner]; however, [Petitioner] later retained private counsel. The information was amended to include a persistent violator enhancement. [Petitioner's] retained counsel was permitted to withdraw and a public defender was reappointed. A jury found [Petitioner] guilty of one count of possession of a controlled substance with intent to deliver and not guilty of the other count. The jury also found [Petitioner] to be a persistent violator. The district court sentenced [Petitioner] to a unified term of life imprisonment, with a minimum period of confinement of ten years.

(*Id*. at 1-2.) Petitioner appealed his sentence, which was affirmed by the Idaho Court of Appeals. (State's Lodging B-4.)

In state postconviction proceedings, Petitioner argued, *inter alia*, that his trial counsel rendered ineffective assistance by failing to file a motion to suppress the evidence found in Petitioner's car. (State's Lodging C-1 at 7.) The state district court held an evidentiary hearing on this claim.

Petitioner testified at the hearing that when he left his landlord's house on the 600 block of Second Avenue, he fastened his seat belt and used his turn signal before pulling away from the curb. (State's Lodging C-3 at 27.) Timothy Jones, Petitioner's landlord, stated that before Petitioner left that night, Jones noticed a police officer "driving down the road and he was going really slow." (*Id*. at 7.) Jones testified that this was very unusual and that the officer was staring at Jones and Petitioner. (*Id*. at 7-8.) Jones corroborated Petitioner's testimony that Petitioner fastened his seat belt and used his turn signal before pulling away from the curb at the 600 block. (*Id*. at 8.)

**MEMORANDUM DECISION AND ORDER - 3**

Officer Preston Stephenson testified at the evidentiary hearing that Petitioner did not use his turn signal and that he pulled away from the curb at the *500 block* of Second Avenue—a block which included a known drug house. (*Id*. at 46.) This contradicted Petitioner's and Jones's testimony that Petitioner used his signal while pulling away from the 600 block. In at least one document filed in the state court, however, Petitioner himself stated that he merged into traffic from the 500 block—which he claims was a typographical error.

Officer Stephenson stated that he pulled over Petitioner's car and noticed Petitioner "continuously looking into his rear-view mirrors, trying to find where I was located or find my location." (*Id*. at 47.) Stephenson also saw that Petitioner was nervous and trembling, and, as a result, Stephenson called for back-up. Sergeant Ryan Howe arrived very soon thereafter. (*Id*. at 38, 47.) Sergeant Howe had his drug dog, Cinder, circle Petitioner's car twice. (*Id*. at 63-65.) According to Howe, Cinder was very docile, made no threatening moves toward Petitioner, and indicated during both searches that she smelled drugs in Petitioner's car. (*Id*.) The officers searched the car and found the controlled substances.

Petitioner told a different story about the incident. According to Petitioner, the drug dog tried to attack him and was "snarling, growling, barking," and trying to bite him. (*Id*. at 38.) Petitioner testified that Howe improperly gave the dog a signal to alert to the car and that the dog did not do so on her own. Petitioner also stated that he told his attorneys to file a motion to suppress the evidence found in the car.

**MEMORANDUM DECISION AND ORDER - 4**

Petitioner's trial attorneys testified that they considered whether to file a motion to suppress, but determined that such a motion would have been denied based on Officer Stephenson's statement that Petitioner did not use his turn signal, which justified the stop of Petitioner's car. (*Id*. at 71-76, 82-85.) Therefore, neither of Petitioner's attorneys moved to suppress the evidence.

After the postconviction evidentiary hearing, the state court determined that Petitioner's attorneys did not perform deficiently in failing to file a motion to suppress because there were no "suppressible issues." (State's Lodging C-1 at 269.) The court found no evidence that the officers had committed perjury when they testified regarding the turn signal, the stop, and Cinder's investigation. (*Id*. at 270.) The court noted that Petitioner had given conflicting statements regarding the specific block where he pulled away from the curb and determined that Petitioner's and Jones's claim that Petitioner pulled away from the 600 block—which contradicted Petitioner's other statement as well as Officer Stephenson's testimony that Petitioner pulled away from the 500 block—was insufficient to support a grant of postconviction relief. (*Id*. at 269-70.) The court also determined that Petitioner could not show prejudice from his attorneys' decisions not to move to suppress the evidence because any such motion would not have been granted.

The trial court concluded:

> Since the petitioner has the burden in this proceeding to show that the motion to suppress would have been granted it is therefore his burden to show that the drug dog and its handler were not properly trained or reliable. [Petitioner] has not proved the drug dog was either untrained or unreliable. After

the evidentiary hearing, this court must determine that [Petitioner's] allegations are just that, conclusory allegations. This court has been provided with no evidence that the officers perjured themselves, nor that trial counsel, by a preponderance of the evidence, did not meet the objective standards of competence.

(*Id*. at 270.)

The court continued:

> Testimony was provided that Officer Stephenson believed [Petitioner] violated a traffic law, thus providing reasonable suspicion for the stop. Testimony by Officer Howe disclosed that his drug dog indicated on [Petitioner's] vehicle providing probable cause for the search, which resulted in controlled substances being found. The testimony further provided that both [of Petitioner's attorneys] reviewed the file for suppressible issues and discussed the motion to suppress with [Petitioner], yet neither counsel believed there to be any suppressible issues. With the evidence provided thus far, the court would have to agree.

(*Id*. at 271.) The trial court dismissed Petitioner's postconviction petition.

The Idaho Court of Appeals affirmed, concluding that although the trial court did not make explicit credibility findings regarding the various witnesses, the trial court implicitly found the officers' testimony to be credible. (State's Lodging D-3 at 7.) Thus, the trial court found credible Officer Stephenson's testimony that Petitioner pulled away from the 500 block without using his turn signal, which provided justification for the traffic stop. It also found credible Officer Howe's statement that the drug dog alerted to Petitioner's car without prompting and that both Howe and Cinder were appropriately trained. The court of appeals upheld these credibility findings and rejected Petitioner's

**MEMORANDUM DECISION AND ORDER - 6**

claims that his trial attorneys were ineffective in deciding not to file a motion to suppress. (*Id*. at 8.) The Idaho Supreme Court denied review. (State's Lodging D-5.)

Petitioner now claims that there was no justification for the traffic stop because he used his turn signal and was never issued a citation for the traffic violation. Petitioner also claims that Officer Howe forced the drug dog to attack the car "so they could say the dog hit." (Dkt. 3 at 8.) Therefore, Petitioner argues that his attorneys were ineffective under the Sixth Amendment for failing to move to suppress the evidence found in Petitioner's car.

## DISCUSSION

**1.    Standards of Law**

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is further limited to instances where the state court's adjudication of the petitioner's claim

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**MEMORANDUM DECISION AND ORDER - 7**

28 U.S.C. § 2254(d). A state court need not "give reasons before its decision can be deemed to have been 'adjudicated on the merits'" under § 2254(d). *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694.

In *Harrington v. Richter*, 131 S. Ct. at 785-86, the United States Supreme Court reiterated that a federal court may not simply re-determine a claim on its merits after the highest state court has done so, just because the federal court would have made a different decision. Rather, the review is necessarily deferential. The Supreme Court explained that under § 2254(d), a habeas court (1) "must determine what arguments or theories supported or . . . could have supported, the state court's decision"; and (2) "then it must ask whether it is possible [that] fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id*. at 786. If fairminded jurists could disagree on the correctness of the state court's decision, then a federal court cannot grant relief under § 2254(d)(1). *Id*. The Supreme Court emphasized: "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*.

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

As to the facts, the United States Supreme Court has clarified "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the

**MEMORANDUM DECISION AND ORDER - 9**

claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). This means that evidence not presented to the state court may not be introduced on federal habeas review if a claim was adjudicated on the merits in state court and if the underlying factual determination of the state court was not unreasonable. *See Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014).

When a petitioner contests the reasonableness of the state court's factual determinations, a federal court must undertake a § 2254(d)(2) analysis. To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The United States Supreme Court has admonished that a "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

The United States Court of Appeals for the Ninth Circuit has identified five types of unreasonable factual determinations that result from procedural flaws that occurred in state court proceedings: (1) when state courts fail to make a finding of fact; (2) when courts mistakenly make factual findings under the wrong legal standard; (3) when "the fact-finding process itself is defective," such as when a state court "makes evidentiary findings without holding a hearing"; (4) when courts "plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim"; or (5) when "the state court has before it, yet

**MEMORANDUM DECISION AND ORDER - 10**

apparently ignores, evidence that supports petitioner's claim." *Taylor v. Maddox*, 366 F.3d. 992, 1000-01 (9th Cir. 2004). State court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

If the state court factual determination was unreasonable, then a federal court is not limited by § 2254(d)(1), but proceeds to a de novo review of the claims, which may include consideration of evidence outside the state court record, subject to the limitations of § 2254(e)(2). *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

A federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief—here, the decision of the Idaho Court of Appeals. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel. The standard for ineffective assistance of counsel claims was identified in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) those errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

Whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id.* at 687-88. A reviewing court's inquiry into the "reasonableness" of counsel's actions must not rely on hindsight:

**MEMORANDUM DECISION AND ORDER - 11**

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

Strategic decisions, such as which pretrial motions to file or which evidence to present, "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 U.S. at 690. Moreover, an attorney who decides not to investigate a potential defense theory is not ineffective so long as the decision to forego investigation is itself objectively reasonable:

> [S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the

**MEMORANDUM DECISION AND ORDER - 12**

>circumstances, applying a heavy measure of deference to counsel's judgments.

*Id.* at 690-91.

The Ninth Circuit has provided some insight into the Strickland standard when evaluating an attorney's "strategy calls." These cases are instructive in the Court's assessment of whether the Idaho Court of Appeals reasonably applied *Strickland*. *Duhaime*, 200 F.3d at 600. First, tactical decisions do not constitute ineffective assistance simply because, in retrospect, better tactics are known to have been available. *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984). Second, a mere difference of opinion as to tactics does not render counsel's assistance ineffective. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981).

If a petitioner shows that counsel's performance was deficient, the next step is the prejudice analysis. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. To satisfy the prejudice standard, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. As the *Strickland* Court instructed:

>In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the

**MEMORANDUM DECISION AND ORDER - 13**

> entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id.* at 695-96. For a petitioner to establish *Strickland* prejudice, "[t]he likelihood of a different result must be *substantial*, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 792 (2011) (emphasis added).

When evaluating a claim of ineffective assistance of counsel in a federal habeas proceeding under § 2254(d), the Court's review of that claim is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011).

**2.    The Idaho Court of Appeals' Decision Was Not Contrary To, or an Unreasonable Application of, Clearly Established Supreme Court Precedent, nor Was It Based on an Unreasonable Determination of the Facts**

Petitioner challenges the state court's conclusion that his attorneys did not perform deficiently and that Petitioner could not have been prejudiced by the failure to file a motion to suppress. That decision was based on the appellate court's conclusion that the trial court implicitly found credible the officers' testimony that Petitioner pulled away from the 500 block without using his turn signal and that Cinder alerted to drugs in Petitioner's car without improper prompting. Petitioner thus has the burden of showing that these factual findings were unreasonable under 28 U.S.C. § 2254(d)(2).

Petitioner cannot meet this heavy burden. Credibility findings are the quintessential type of finding generally left to the trier of fact, who hears the witness's testimony and observes his or her demeanor:

> All aspects of the witness's demeanor including the expression of his countenance, how he sits or stands, whether he is inordinately nervous, his coloration during critical examination, the modulation or pace of his speech and other non-verbal communication may convince the observing trial judge that the witness is testifying truthfully or falsely. These same very important factors, however, are entirely unavailable to a reader of the transcript . . . .

*Penasquitos Village, Inc. v. N.L.R.B.*, 565 F.2d 1074, 1078-79 (9th Cir. 1977). Where a state court makes credibility findings as to witnesses who present conflicting testimony, AEDPA requires that the federal courts "accord[] [those] determinations presumptive weight." *Miller v. Fenton*, 474 U.S. 104, 114 (1985). None of the state courts' factual findings were unreasonable, and those findings are presumed correct. 28 U.S.C. § 2254(d)(2), (e)(1).

Given the state court's findings that Petitioner did, in fact, pull away from the 500 block without using his turn signal and that Cinder was properly trained and handled, the Idaho Court of Appeals' decision that Petitioner's attorneys did not render deficient performance is not contrary to, or an unreasonable application of, clearly-established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). The attorneys both considered whether to file a motion to suppress and determined that it would not be a wise strategic choice, as the officers' statements established reasonable suspicion to stop the car and

**MEMORANDUM DECISION AND ORDER - 15**

probable cause to search it. The double deference that applies when reviewing ineffective assistance claims in federal habeas proceedings leaves no room for this Court to second-guess the tactical decisions of Petitioner's attorneys with the benefit of hindsight. *Pinholster*, 131 S. Ct. at 1403; *Strickland*, 466 U.S. at 689. Thus, Petitioner has not shown that his counsel performed deficiently.

Further, the decision not to file a motion to suppress could not have prejudiced Petitioner because any such motion would have been denied. The officers, whom the state courts found credible, testified that (1) Petitioner pulled away from the 500 block without signaling, (2) after Petitioner was stopped by the police, he was nervous and trembling, and (3) Cinder, a properly trained and handled drug dog, alerted to the smell of drugs in the car.

Petitioner's initial failure to use his turn signal justified the traffic stop because such stops are permitted "when a law enforcement officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Navarette v. California*, 134 S. Ct. 1683, 1687 (2014) (internal quotation marks omitted). Officer Stephenson, having observed Petitioner's failure to signal, had "reasonable suspicion" to believe that Petitioner had committed a traffic violation. *Id*. The use of the drug dog was consistent with the Fourth Amendment because "[a] dog sniff conducted during a concededly lawful traffic stop that reveals no information other than the location of a substance that no individual has any right to possess does not violate the Fourth Amendment." *Illinois v. Caballes*, 543 U.S. 405, 409 (2005). Finally, Cinder's two alerts

**MEMORANDUM DECISION AND ORDER - 16**

gave the officers probable cause to believe that the car contained illegal drugs, which justified the search of the car and the seizure of the evidence. *See United States v. Ewing*, 638 F.3d 1226, 1231 (9th Cir. 2011) ("[P]olice may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime, and the vehicle is readily mobile.") (internal quotation marks and citation omitted).

Therefore, a motion to suppress would have been denied, and the Idaho Court of Appeals reasonably concluded that Petitioner's attorneys were not constitutionally ineffective under *Strickland*.

## CONCLUSION

For the foregoing reasons, Claim 2(a) of the Petition must be denied on the merits. Because the remaining claims have already been dismissed, the Court will dismiss this entire action with prejudice.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Extension of Time and Second Motion for Extension of Time (Dkt. 20 & 21) are GRANTED. Petitioner's reply (Dkt. 23) is deemed timely.

2. The Petition for Writ of Habeas Corpus (Dkt. 3) is DENIED, and this entire action is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

**MEMORANDUM DECISION AND ORDER - 17**

§ 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: December 4, 2014

Edward J. Lodge
United States District Judge